Filed 4/19/23  Smith v. Smith CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DEREK L. SMITH,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANYA SMITH,<br><br>    Defendant and Appellant. | 2d Civil No. B321667<br>(Super. Ct. No. 56-2021-<br>00558286-CU-HR-VTA)<br>(Ventura County) |

Danya Smith (Danya) appeals from an order granting Derek L. Smith's (Derek)[1] civil harassment restraining order against her.  Danya contends the restraining order must be vacated because there was insufficient evidence that she willingly and knowingly harassed Derek.  We affirm.

---

[1] We refer to the parties by their first names to avoid confusion.  No disrespect is intended.

FACTUAL AND PROCEDURAL HISTORY

Danya and her now-deceased husband Steve[2] lived next to Derek, his wife Kari, and his two young daughters. The parties had a dispute after Derek installed a privacy screen between their properties. After the dispute, Danya and Steve allegedly played loud music to harass Derek.

In September 2021, Derek requested two separate civil harassment restraining orders, one against Danya and one against Steve, alleging they "intentionally blast[ed] unbearably loud music for hours at a time, day and night, on five very large speakers aimed at [Derek]'s property."

The trial court consolidated the two restraining order actions into one evidentiary hearing. Derek presented more than 300 video recordings documenting the music coming from the speakers at all times of day and night and photographs of the speakers pointed directly at Derek's home. In one of the videos music blared from the speakers while no one was in Danya and Steve's backyard listening to the music. In other videos music played from the speakers while no cars were in Danya and Steve's driveway, indicating they were not home. One video showed Danya and Steve leaving the house while the music was still playing in their backyard. Other videos showed the music played loudly over several hours.

Derek testified the loud music began after he installed the privacy screen between his home and Danya and Steve's home. The music played whenever Derek and his family were at home and played "almost every single day." Derek testified that when he confronted them, Steve responded that they were "going to do

_____

[2] Steve passed away in June 2022.

2

what [they] want," and Danya "yell[ed] and scream[ed] curse words" while his daughters were standing next to him.

Ventura County Sheriff deputies testified about multiple noise disturbance complaints. One deputy testified that he responded to a call around midnight on a Wednesday. The deputy's body camera footage showed that music was coming from Danya and Steve's backyard. The deputy testified it was audible from the street and the music was "[t]oo loud for a Wednesday night in that neighborhood." The deputy's body camera footage also showed the music was louder on Derek's side of the privacy screen than on Danya and Steve's side. The footage also recorded the deputy's interaction with Steve. When the deputy told Steve his music was too loud, Steve responded "do you see that eight-foot fence right there?"

Another deputy testified that he responded "at least twice" to noise complaints. The deputy said he heard "loud music coming from" Danya and Steve's home and could hear music "blaring pretty loudly from inside" Derek's home. A few months later, the deputy returned to Derek's home and heard music coming from Danya and Steve's home. The deputy tried to knock on Danya and Steve's front door, but there was no answer.

A neighbor who lived across the street from Danya and Steve testified he heard loud music emanating from their house from early in the morning to around 10:00 p.m. The music played "consistently" for months.

Danya testified on her own behalf. She testified that she listened to music a few nights a week. She explained the outdoor speakers were controlled by an application on her phone, which she controlled remotely. She denied that the outside speakers were faced towards Derek's home and that music played when no

one was at her home.  She also said she played music at the same frequency as she did before the screen dispute.  She denied deliberately playing music to harass Derek and his family.

After three days of evidence, the trial court ruled in favor of Derek.  The court found the music from Danya and Steve's home increased in frequency after the screen dispute began.  It found "clear and convincing . . . that the response for the wall and the dispute—the response by Danya and Steve Smith was to act in a way that was harassing and annoying to Derek and Kari Smith."

The trial court granted the five-year restraining orders.  The restraining order against Danya prohibited her from harassing, disturbing the peace, and contacting Derek and his family.  It also prohibited Danya from "knowingly operating or causing to be operated any source of sound, or . . . 'unreasonable noise' on their property."

## DISCUSSION

Danya argues there was insufficient evidence to support the trial court's finding of harassment.  She also argues the evidence only implicated her husband, and not her.  We disagree.

 "Harassment" is defined as "[1] unlawful violence, [2] a credible threat of violence, or [3] a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  (Code Civ. Proc., § 527.6, subd. (b)(3).)  Before issuing a restraining order against a person, the trial court is required to find the harassment by clear and convincing evidence.  (*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 730.)  We review the factual findings necessary to support the protective order for substantial evidence.  (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497.)  "We resolve all conflicts in the

4

evidence in favor of respondent, the prevailing party, and indulge all legitimate and reasonable inferences in favor of upholding the trial court's findings." (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137-1138.)

Substantial evidence supports the trial court's finding that Danya knowingly and willfully engaged in conduct directed to alarm, annoy, or harass Derek. The evidence included photographs and over 300 videos documenting loud music playing from her outdoor speakers directed towards Derek's home. The videos confirmed that music played at all hours of the day and night and for several hours at a time. The music played even when Danya and Steve were not home or when no one was outside listening to the music. A neighbor corroborated that he could hear loud music from early in the morning to 10:00 p.m. and that it played consistently for months. The evidence also established the music was played through an application on Danya's phone and that she had the ability to control the music remotely.

Several deputies testified they were called for noise complaints regarding the loud music, which was audible from the street. The body camera footage captured the music playing loudly over the speakers late on a weeknight and showed that it was louder on Derek's side of the property. The footage also captured Steve's response to the noise complaint with a comment about the screen, indicative of his intent to harass Derek over the screen dispute. Derek testified that Danya was also angry about the screen and had "yell[ed] and scream[ed] curse words" at him and his family.

Danya argues the evidence does not show she engaged in harassing behavior and that there was only evidence of Steve's

5

actions.  Her argument lacks merit.  Danya presented evidence at trial, including her own testimony denying that she engaged in harassing behavior.  But the trial court rejected it.  Because we must accept the court's credibility findings and cannot reweigh the evidence, we accept the trial court's resolution of conflicting evidence.  (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 786; *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1008.)[3]

DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

---

[3] In her reply brief, Danya argues for the first time there was no evidence of (1) conduct that would cause a reasonable person "substantial emotional distress" and (2) a likelihood of future misconduct.  Danya forfeited these arguments by failing to raise them in her opening brief.  (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111.)

R. Paul Kawai, Commissioner

Superior Court County of Ventura

_____

Arentfox Schiff, Malcolm McNeil, Gary Brophy and Susanne Boniadi for Defendant and Appellant.

Bamieh & DeSmeth, Ron Bamieh and Natalie N. Mutz for Plaintiff and Respondent.